ADAM G. SNYDER, as Administrator, etc., of GEORGE SNYDER, Deceased, Appellant, v. WILLIAM GORDEN, Respondent.

*Landlord — liability of, for letting premises contaminated with infectious diseases, without notifying the tenant.*

Upon the trial of this action brought by the plaintiff, as administrator of a deceased child, under section 1902 of the Code of Civil Procedure, he testified that he went to see a suite of vacant apartments in a tenement-house in Brooklyn owned by the defendant; that Mrs. McCart, who occupied, with her family, the rear suite on the same floor, told him that her children had scarlet fever and diphtheria; that he reported this to the defendant, who denied it and told him that the McCarts wanted to make it appear so because they wanted the rooms left vacant in order that they might have the use of the apartments, adding, that the plaintiff need have no fear, that the house was perfectly healthy and that there had never been any sickness there. The plaintiff's wife testified as to a visit on the next day, resulting in a similar report to and denial by the defendant. They took the rooms and a few weeks later their children took sick of diphtheria and died.

*Held,* that it was not the duty of the plaintiff to search or inquire who was the doctor of the McCarts in order to ascertain from him the nature of the disease from which the children were suffering, and that the case should have been submitted to the jury, and that the court erred in taking it from them.

Appeal from a judgment in favor of the defendant, entered in Kings county upon a nonsuit granted at the Kings County Circuit.

*Moses J. Harris* and *Charles J. Patterson*, for the appellant.

*Wm. J. Gaynor*, for the respondent.

Pratt, J. :

This action is brought by the plaintiff, as administrator of a deceased child, under section 1902 of the Code of Civil Procedure.

The defendant had an apartment-house in the city of Brooklyn

which was tenanted by families. One suite of apartments was vacant and the father and mother of the deceased applied to the defendant to hire it. The rear suite on the same floor, and adjoining the vacant suite, was occupied by the McCart family, which had several children. The plaintiff went to see the vacant apartments and was shown the rooms by Mrs. McCart, who told him at the time that her children had scarlet fever and diphtheria. He says he reported this to the defendant, who said it was not true, that there was no scarlet fever or diphtheria there, and no sickness except gastric fever. The next day he sent his wife to see the rooms; Mrs. McCart showed them to her and also informed her that her children were sick with scarlet fever and diphtheria. The wife says she reported this to the defendant and he denied its truth. They took the rooms, and a few weeks later their children took sick of diphtheria and died.

The general rule of law is that a landlord who lets premises knowing that they are contaminated with infectious disease, without notifying the tenant, is liable for damages in case the disease is communicated. (*Cesar* v. *Karutz*, 60 N. Y., 229; *Span* v. *Ely*, 8 Hun, 258.) It is claimed that he ought not to be held liable in this action, because the fact that scarlet fever and diphtheria were in the house was communicated to the plaintiff, before he took the rooms, by Mrs. McCart. We think the plaintiff had a right to rely upon the positive declarations of the defendant that no such disease existed. The plaintiff says that the defendant told him, at the time he denied the fact, that the apartments were thus infected, that the McCarts wanted to make it appear so because they wanted the rooms left vacant in order that they could have the use of the apartments, adding that the plaintiff need have no fear, that the house was perfectly healthy and that there had never been any sickness there. It was no part of the duty of the plaintiff to search or inquire who was the doctor of the McCarts, in order to ascertain from him the nature of the disease from which the McCart children suffered, therefore we do not think the case falls within the principle laid down in *Long* v. *Warren* (68 N. Y., 426). The plaintiff did not have the obvious means at hand to ascertain whether the disease existed or not; we, therefore, think the case should have been submitted to the jury.

The judgment should be reversed and new trial ordered, costs to abide event.

Present — BARNARD, P. J.; DYKMAN and PRATT, JJ.

Judgment reversed and new trial granted, costs to abide event.